**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JAMES GIRKIN, et al.,**                                                                                      **Plaintiffs**

**vs.**                                              **Case No. 3:96cv0076GH**

**AMERUS LEASING, INC.**                                                                                **Defendants**

**ORDER ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS
AS TO WHOM DEFAULT JUDGMENT HAS BEEN TAKEN**

This cause came onto be heard by Motion of Plaintiffs to dismiss the claims of Plaintiffs against Defendants Leasepartners Corporation, Vanguard Financial, Barry Longwater, and Longwater Funding (hereinafter "Defaulted Defendants"). Based upon the representations of the parties, the arguments of counsel and the entire record in this case, it is the opinion of this Court that the motion is well-taken and should be GRANTED.

Plaintiffs maintained that Defaulted Defendants Leasepartners Corporation, Vanguard Financial, Barry Longwater and Longwater Funding engaged in a scheme with Recomm Operations, Inc. to defraud Plaintiffs in connection with the sale and/or lease of certain equipment. More specifically, Plaintiffs have previously obtained judgment against these Defaulted Defendants on their claims that the salesmen of Recomm were acting as agents of the Defaulted Defendants; that the salesmen represented to Plaintiffs they were only dealing with Recomm; that the salesmen did not tell Plaintiffs that they would be dealing with the Defaulted Defendants or any entity other than Recomm; that the Defaulted Defendants used a "private label lease program" designed to conceal

Defaulted Defendants' participation in the scheme; that the salesmen failed and/or refused to disclose the full contract terms; that the Defaulted Defendants materially misrepresented the full contract terms; that the Defaulted Defendants materially misrepresented the true nature of the contract, the value of the equipment, and the interest rate charged; that the contract was designed to induce Plaintiffs to believe that they had no recourse against Defaulted Defendants; that Plaintiffs relied to their detriment on the misrepresentations and omissions; that because of the misrepresentations Plaintiffs were harmed in that they entered into the contracts at issue, continued making payments on the contracts after the breach and did not take action as quickly as they would have against Recomm alone.

None of the claims presented by Plaintiffs against Defaulted Defendants required the presence of any third party, not already a party to this litigation.  No party challenged this Court's jurisdiction over the parties or the claims and service was appropriately made upon these Defaulted Defendants.  Defaulted Defendants did not make any counterclaims against any Plaintiffs.  Any claim the Defaulted Defendants would have against Plaintiffs related to the transactions at issue as already discussed herein are compulsory counterclaims which must have been brought in this litigation.  Therefore, the only matter remaining for unadjudicated as to these Defaulted Defendants was the amount of damage suffered by Plaintiffs.

It is therefore ORDERED, ADJUDGED AND DECREED that the claims of Plaintiffs against Defendants Leasepartners Corporation, Vanguard Financial, Barry Longwater, and Longwater Funding are dismissed without a hearing as to damages and

without prejudice.  Any and all counterclaims that could have been brought by any of the Defaulted Defendants are also dismissed.  Each party to bear his, her or its own cost.

*George Howard, Jr.*
United States District Judge

Date: September 20, 2005